Opinion by
Willson, J.
§ 443. Citation; petition need not pray for. Suit by, appellee against appellant to recover the amount of a fire insurance policy upon a house destroyed by fire. The ¡petition alleged that the defendant company had its domicile in New Orleans, state of Louisiana; that Moore & Cain were its agents, and resided at Tyler, in Smith county, Texas, and prayed that defendant might be cited by service of citation upon its said agents. Citations issued accordingly, and were served upon said alleged agents, but said citations and service were quashed upon motion of said Moore & Cain, because of defects therein, • and they also denied under oath that they were appellant’s agents. The clerk thereupon issued a notice to tho defendant company in Louisiana, to appear and answer, etc., as provided in article 1230 of the Revised Statutes. This notice was served upon the president of, said company in Louisiana, in the manner provided by articles 1231 and 1232. Said president moved to quash the notice, because it was issued without authority of law, not having been prayed for in the petition. , This *392 motion was overruled. Held, that the motion was properly overruled. It is well settled that when the petition alleges the residence of the defendant to be in a particular county, the clerk must issue the citation to that county, and that a citation issued to any other county is unauthorized and a nullity. [W. & W. Con. Eep. §§ 52, 53, 322.] But it has never been held that where the petition alleges the residence of the defendant, a citation may not be issued to 'the place of his residence, although the petition prays for service of citation upon defendant’s agents residing at another place. It was the right of the plaintiff to demand, and the duty of the clerk to issue, the notice to the defendant, notwithstanding the petition contained no prayer therefor.' [E. S. arts. 1213, 1230.] It is nowhere required that the petition shall specifically pray for citation against the defendant, though it is usual to insert such a prayer. In Sayles & Bassett’s PI. & Pr. § 29, it is said: “The petition must contain a prayer for process; ” but the authorities cited by the authors in support of this statement do not, in our opinion, sustain it. The statute which prescribes the requisites of a petition does not make such a prayer necessary. [E. S. art. 1195.] The issuance of citation is a mere ministerial act of the clerk, and is not a part of the relief which the plaintiff is required to ask for in his petition.
§ 444. Service of notice on non-resident of state; sufficiency of. Appellant moved to quash the service of the notice upon its president because it did not appear therefrom that it was made by a disinterested person competent to make oath of the fact. This motion was overruled. Held: “ It is a fair presumption that the person making the service was competent and disinterested until the contrary is proved.” [Jones v. Jones, 60 Tex. 451; ante, § 295.]
§ 445. Petition in action on fire insurance policy; sufficient allegation of performance of conditions precedent. It was stipulated in the contract of insurance, that, in case of loss by fire, appellee would forthwith give notice *393 thereof, in writing, to the company, and as soon as possible deliver an account of such loss, accompanied with certain prescribed proof thereof, to said company. It is alleged in the petition that on the 26th day of May, 1883, immediately after the loss by fire, appellee complied with this stipulation in the contract according to its requirements. It is objected to this allegation that it is not sufficiently specific, in that it does not set out the proof that was made. It is not required of a party to set out his evidence in his pleading. It would be had pleading if he did. The petition alleges sufficiently the performance, on the part of the plaintiff, of all the conditions precedent to his recovery, contained in the contract, and the exceptions to it were properly overruled.
§ 446. Fire insurance contract; condition precedent in, as. to proof of loss; erroneous charge of court. It being, by the contract, made a condition precedent to appellee’s right to recover upon the policy,’ that he should give the notice, deliver the account and proof of loss, as stipulated therein, it was a material issue on the trial whether or not he had performed this condition. Unless he had complied with said stipulation he had no cause of action. In charging the jury, the court omitted all mention of this issue, and instructed the jury, in substance, that if they believed, from the evidence, that defendant had issued to plaintiff said policy; that plaintiff owned the house at the time it was insured, and at the time it was burned, and that it was destroyed by fire, they would find for plaintiff the full amount of the policy. Appellant requested a special charge submitting to the jury, in correct terms, the issue as to whether of not appellee had performed said condition precedent, and instructing them that if the evidence did not show that he had, they must find for the defendant. This special charge was refused, and in this there was error.
§ 447. Error in refusing charge not reversible, unless, etc. If the proof of appellee’s compliance with said condition had been satisfactory, we would not perhaps *394 disturb the judgment because of the error committed in refusing the special charge requested by appellant, for it is not every error of the court in refusing to give re-' quested instructions that will require the judgment to be reversed. It -is only when it appears that injury may have resulted from such error. [W. & W. Con. Rep. §§ 1007, 1133.] But the evidence falls short of showing a compliance with said condition, and this being the case, appellant may have been injured by the error complained of.
November 26, 1884.
§ 448. Fire insurance policy becomes a liquidated demand, when; contract cannot control the statute. It is provided by statute that “A fire insurance policy, in case of total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property.” [R. S. art. 2971.] In this case, the property insured being real property, and it having been totally destroyed by fire, the policy is a liquidated demand for the full amount thereof, and appellee, if entitled to recover at all, is entitled to the amount of the policy and interest thereon. This statutory provision cannot be controlled or limited by contract. Any condition or stip • ulation conflicting with it would be illegal and void.
Reversed and remanded.